# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6584 | **DATE** | 7/28/2010 |
| **CASE TITLE** | McDavid Knee Guard, Inc. et al. vs. Nike USA, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, plaintiffs McDavid Knee Guard and Stirling Mouldings Limited's "Motion for Leave to File Second Amended Complaint" [253] is granted. Status is set for Thursday, July 29, 2010, to discuss scheduling.

■[ For further details see text below.]                                                      Notices mailed.

---

## STATEMENT

    McDavid Knee Guard and Stirling Mouldings Limited ("Stirling") (collectively "McDavid") filed this lawsuit against Nike USA, Inc. ("Nike"), asserting claims for patent infringement and violations of the Lanham Act and various other state unfair competition laws. Currently before the court is McDavid's "Motion for Leave to File Second Amended Complaint" (Dkt. No. 253 ("McDavid's Mot.")) based on the recent reissue of U.S. Patent No. 6,743,325 ("'325 Patent") as Reissue Patent No. RE41,346 ("Reissue Patent"). For the reasons explained below, McDavid's motion is granted.

    The '325 Patent issued to Stirling on June 1, 2004. On November 8, 2005,[1] Stirling filed for a reissue of the '325 Patent. McDavid initiated this lawsuit against Nike on November 17, 2008, and McDavid was permitted until November 16, 2009, to file a motion to amend its complaint. (Dkt. No. 157.) The '325 Patent eventually reissued on May 25, 2010, as the Reissue Patent, which contains 14 claims identical to those of the original '325 Patent (Reissue claims 1-14) and 10 new claims (Reissue claims 15-25). The issuance of a reissue patent surrenders the original patent, but "to the extent that [the reissue patent's] claims are substantially identical with the original patent, [the reissue patent] shall constitute a continuation thereof and have effect continuous from the date of the original patent." 35 U.S.C. § 252. On June 16, 2010, McDavid sought leave to amend its complaint to replace the original '325 Patent with the Reissue Patent and assert claims for infringement based on Reissue Patent claims 1-4, 6-8, 13, and 22-25. Nike's opposition is limited to McDavid's request to amend its complaint to assert claims for infringement based on claims 22-25 of the Reissue Patent. (Dkt. No. 260 ("Nike's Opp.") at 5.)

    The Federal Circuit relies on the law of the regional circuit, here the Seventh Circuit, to motions to amend the pleadings. *Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.*, 587 F.3d 1339, 1354 (Fed. Cir. 2009). Although the parties appear to disagree as to whether Rule 15 or Rule 16 of the Federal Rules of Civil Procedure applies to amend the complaint, the court agrees with McDavid that Rule 16 applies here because

---

[1] McDavid's motion states that Stirling filed for a reissue of the '325 Patent on November 11, 2005. (McDavid's Mot. 1.) The U.S. Patent and Trademark Office's Patent Application Information and Retrieval website, however, identifies November 8, 2005, as the date Stirling filed the reissue application.

McDavid seeks to amend the complaint after the deadline to amend the pleadings previously set by this court

in the scheduling order.  *See Trustmark Ins. Co. v. Gen. & Cologne Life Reins. of Am.*, 424 F.3d 542, 553 (7th Cir 2005).  In the Seventh Circuit, "[t]o amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'"  *Id.* (quoting Fed. R. Civ. P. 16(b)).  "Good cause" under Federal Rule of Civil Procedure 16(b) "primarily considers the diligence of the party seeking amendment."  *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

In this case, Nike does not argue that McDavid lacked diligence in seeking leave to amend the complaint to replace the '325 Patent with the Reissue Patent.  Instead, likely due to its belief that Rule 15(a) rather than Rule 16(b) applies to McDavid's motion, Nike contends that allowing McDavid to amend the complaint to add the new Reissue claims 22-25 would be futile and cause Nike prejudice.  Nike further argues that McDavid has not demonstrated "good cause" to amend the complaint.  Although the futility of the amendment and the prejudice to Nike appear to have less relevance to a motion to amend under Rule 16(b) as opposed to Rule 15, *see Johnson*, 975 F.2d at 609 ("A court's evaluation of good cause is not coextensive with an inquiry into the propriety of amendment under . . . Rule 15. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification.") (first omission in original), the court will address those considerations in determining whether McDavid should be allowed to amend its complaint.

First, according to the Seventh Circuit, "[a] new claim is futile if it would not withstand a motion to dismiss."  *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001).  Here, rather than identifying any deficiencies in McDavid's pleadings, Nike instead argues that McDavid's claims for infringement of the new Reissue claims 22-25 are futile based on the court's previous claim construction of the claim term "jig."  Assuming that this is an appropriate inquiry on a motion to amend the complaint, which the court does not decide, the reissue of the '325 Patent likely will require the court to revisit its prior claim constructions, including its construction of "jig."  *See Howes v. Med. Components, Inc.*, 814 F.2d 638, 645 (Fed. Cir. 1987) ("[W]hether the suit is denominated as for infringement of the original claim or of the identical reissue claim, it is still necessary to look at the prosecution history of the reissue in order to construe the disputed claim.").  Consequently, at this stage, the court cannot determine whether McDavid's claims for infringement of claims 22-25 of the Reissue Patent are futile.

Second, the court is not persuaded that allowing McDavid to amend its complaint will prejudice Nike.  Specifically, the court does not believe that effectively dividing the Reissue Patent into two separate infringement actions–one involving the previously asserted patent claims and one involving the new reissue claims 22-25–would be more efficient, less costly, and waste fewer resources than trying all claims together before the same court.  Although the inclusion of the new reissue claims in this litigation may require further claim construction briefing and some supplementation to Nike's motion for summary judgment on McDavid's patent infringement claims, the court finds that moving forward on all of the asserted claims of the Reissue Patent is preferable to proceeding on two fronts with the same parties and the same issues.

Finally, Nike disputes whether McDavid has shown "good cause" to amend the complaint, reiterating its argument that allowing McDavid's amendment will force "Nike to expend additional cost and effort and endure further delay in the outcome of the case."  (Nike's Opp. 9.)  As explained above, however, the court disagrees with Nike's assertions of prejudice and instead finds that the recent reissue of the '325 Patent is "good cause" to amend the complaint.

Accordingly, for the reasons explained above, McDavid's motion (Dkt. No. 253) is granted.  Status is set for Thursday, July 29, 2010, at 9:00 a.m. to discuss scheduling.