# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6584 | **DATE** | 10/19/2011 |
| **CASE TITLE** | McDavid Knee Guard, Inc. and Stirling Mouldings Limited vs. Nike USA, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, plaintiffs' "Motion for Reconsideration of Order Granting Nike's Motion for Summary judgment of Non-infringement of claim 1 of the '346 Patent Under the Doctrine of Equivalents" [350] is denied. Defendant's Motion for Partial Dismissal of Plaintiffs' Third Amended Complaint" [363] is still pending. The court will set further dates in the ruling on that motion. The parties are once again encouraged to discuss settlement.

■[ For further details see text below.]                         Docketing to mail notices.

## STATEMENT

Plaintiffs McDavid Knee Guard, Inc. and Stirling Mouldings Limited (collectively "McDavid") allege that defendant Nike USA, Inc. ("Nike") infringed U.S. Patent No. RE41,346 ("'346 Patent") based on Nike's importation of certain foam padded garments manufactured in Taiwan by non-party Finn Technologies Holdings Ltd. ("Finn Tech"). On August 17, 2011, this court granted in part Nike's "Motion for Summary Judgement on All Causes of Action," (Dkt. No. 309 ("August Order")) holding that Nike did not infringe claim 1 of the '346 Patent either literally or under the doctrine of equivalents. Dkt. No. 345. Pending before the court is McDavid's "Motion for Reconsideration of Order Granting Nike's Motion for Summary judgment of Non-infringement of claim 1 of the '346 Patent Under the Doctrine of Equivalents" (Dkt. No. 350). The facts of this case are described in the August Order.

Reconsideration is appropriate "if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). McDavid contends that the court's ruling was erroneous. McDavid's argument focuses on the second limitation of claim 1, which provides for "making one side of the plurality of spaced separate elements to stand proud of a surface of a jig provided to hold the elements in place." '346 Patent, col.6 ll.41-44. Finn Tech's allegedly infringing manufacturing process involves the use of the excess foam material left after cutting elements from a foam sheet to hold the cut foam elements in place. In the August Order, the court held that the excess foam material does not constitute a "jig," which, as construed by the court "must be a device or tool that is different from the material on which the manufacturing work is performed." August Order, at 18. Finn Tech's process thus does not literally infringe claim 1 of the '346 patent. *Id.* at 18-19. Next, the court also considered and rejected McDavid's argument that Finn Tech's process infringed claim 1 under the doctrine of equivalents, holding that McDavid had made no argument establishing an equivalent to the "stand proud" element of that claim.

**STATEMENT**

McDavid advances two arguments on reconsideration. First, McDavid contends that the court failed to address its argument that Finn Tech's process literally infringed the "stand proud" element of the claim. McDavid advances that argument again by pointing to numerous pictures and testimony showing that Finn Tech's manufacturing process includes making the cut foam elements "stand proud" of the surrounding excess material before they are bonded to the flexible substrate. While it is true that the court did not explicitly address that argument, it is plain that the argument lacks merit. Claim 1 requires not just that the cut elements "stand proud" in the abstract. Instead, it requires that they "stand proud of a surface of a jig." '346 Patent, col.6 l.42. In light of the court's holding that the excess foam is not a "jig," it is plain that Finn Tech's process does not involve standing proud *of a jig*. McDavid's attempt to artificially bifurcate the analysis by focusing only on the "standing proud" element separate and apart from the context of the phrase "stand proud of a surface of a jig" is unavailing.

Moreover, even if one were to consider the excess foam a "jig" or its equivalent, the "stand proud" element does not function the same way in the accused method as in the claimed method. In the claimed method, the cut material must "stand proud" of the jig so that the adhesive bonds only to the cut material and not to the recessed jig. By contrast, Finn Tech's accused method requires manually removing the adhesive from the surrounding excess material. In other words, the "stand proud" element in the accused method does not, by itself, prepare the cut material for bonding as it does in the claimed method. "Literal infringement of a claim occurs . . . when 'the properly construed claim reads on the accused device exactly.'" *KCJ Corp v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1358 (Fed. Cir. 2000) (quoting *Amhil Enters. Ltd. v. Wawa, Inc.*, 81 F.3d 1554, 1562 (Fed. Cir. 1996)). Because the "stand proud" element does not play the same role in the accused process as in the claimed process, there is no literal infringement.

Second, McDavid now attempts to supply the missing argument that the "stand proud" element was infringed under the doctrine of equivalents. But, as mentioned above, McDavid did not make that argument in its summary judgment brief, instead only alluding to it in its factual statements and the declaration of its expert. *See* Plaintiff's Response to Defendant Nike USA, Inc.'s Statement of Undisputed Material Facts In Support of Motion for Summary Judgement (Dkt. No. 314); Declaration of Glenn L. Beall in Support of Plaintiffs' Opposition to Nike's Motion for Summary Judgment (Dkt. No. 315). But "[a]ny argument based on a fact raised in a Rule [56.1] statement is waived if it is not asserted in the brief." *Ho v. Taflove*, 696 F. Supp. 2d 950, 959-60 (N.D. Ill. 2010) (citation omitted). Accordingly, McDavid's argument is waived, and the court will not revisit it on a motion for reconsideration. McDavid's "Motion for Reconsideration of Order Granting Nike's Motion for Summary judgment of Non-infringement of claim 1 of the '346 Patent Under the Doctrine of Equivalents" (Dkt. No. 350) is denied.

*James F. Holderman*